WATER WORKS COMMISSION OF THE CITY OF LITTLE ROCK v. NORTH LITTLE ROCK WATER COMPANY.

4-7301                                    180 S. W. 2d 526

Opinion delivered May 29, 1944.

*P. A. Lasley,* for appellant.

*C. II. Dickey, Buzbec, Harrison & Wright* and *Rose, Loughborough, Dobyns & House,* for appellee.

McF\ADDIN, J. This case is a sequence to *North Little Rock Water Co.* v. *Water Works Commission of the City of Little Rock,* 199 Ark. 773, 136 S. W. 2d 194, decided by this court on January 29, 1940.

For many years prior to 1936 the Arkansaw Water Company was a public utility supplying water to the inhabitants of the cities of Little Rock and North Little Rock. The plant and wells of the company were located on the Little Rock side of the Arkansas River, and the water was transported to North Little Rock by a pipeline on the Broadway bridge which connected the two cities. In 1936, the City of Little Rock purchased the plant, wells, distribution system and all other properties of the said company situated on the Little Rock side of the Arkansas River; and, as a part of the contract of purchase, the city agreed to supply to the Arkansaw Water Company, or its successor, at a point on said Broadway bridge, enough water so that said company could continue to sell and distribute water in North Little Rock. The contract price to be paid the city for said water was agreed to be five cents per thousand gallons for a period of time, and four cents a thousand gallons thereafter for

the full time of twenty years from the date of the contract.

On February 17, 1936, the city of Little Rock adopted Ordinance No. 5311, agreeing to the contract of purchase; and also Ordinance No. 5312 entitled: "For the sale of water to Arkansaw Water Company for supplying North Little Rock and fixing the rates to be paid therefor"; and this Ordinance No. 5312 provided in part: "The city contracts with the Arkansaw Water Company to supply and sell to Arkansaw Water Company for the period of twenty years from this date all water needed by said company to supply its consumers in the City of North Little Rock and its vicinity, at the following rates: five cents per thousand gallons during the period the city is required to pump water so supplied from the Arkansas River and wells; and four cents per thousand gallons from and after the time the proposed Alum Fork supply is placed in service . . ."

In order to obtain the funds to pay the Arkansaw Water Company, and to secure the additional and better source of water from the Alum Fork, the City of Little Rock issued bonds under Act 131 of 1933, as amended; and on March 16, 1936, the city passed Ordinance No. 5316, which provided for the bond issue, etc., and fixed (as provided by the said act) the minimum rates to be charged for water until the bonds were retired. This ordinance, in article three thereof, contained a full schedule of water rates on a graduated scale, beginning with the first 6,700 cubic feet per month at thirty cents per one hundred cubic feet; and concluding with these rates, as the lowest: "For the excess of any quantity over 1,333,300 cubic feet per month, 3.75 cents per hundred cubic feet. For each thousand gallons per month furnished to railroads and other public utilities, four cents."

On or about April 1, 1936, the Arkansaw Water Company delivered the contracted properties to the City of Little Rock; and the city, either directly, or through the Water Works Commission (created under Act 215 of 1937) has operated the water distribution system in Little

Rock up to the present time. In the contract ordinance (No. 5311) and in the rate ordinance (No. 5312), the Arkansaw Water Company was empowered to assign its rights to a successor company; and the appellee, North Little Rock Water Company, is the said successor company.

From April 1, 1936, to April 22, 1939, the City of Little Rock or its Water Works Commission (the present appellant) supplied water to the North Little Rock Water Company according to the rates in Ordinance No. 5312, and received due payment therefor. On the last mentioned date (April 22, 1939), the City of Little Rock passed Ordinance No. 5712 which repealed Ordinance No. 5312 and put into effect a new schedule of water rates. This new schedule in Ordinance No. 5712 was exactly the same schedule as that contained in Ordinance No. 5316, except that the last bracket of rates in Ordinance No. 5712 was: "For the excess of any quantity over 131,400 cubic feet per month the rate of 6.75 cents per one hundred cubic feet." In other words this new ordinance struck out the 3.75 cents rate, and the four cent per one thousand gallons rate, as contained in Ordinance No. 5316, and repealed all of Ordinance No. 5312. In the case of *North Little Rock Water Co. v. Water Works Commission of the City of Little Rock,* 199 Ark. 773, 136 S. W. 2d 194, (decided January 29, 1940), the Ordinance No. 5712 was upheld by this court.

Thereafter (on July 9, 1940) the Water Works Commission of the City of Little Rock instituted this present action in the Pulaski Circuit Court as an action to recover for alleged undercharges from June 1, 1937 (when the Water Works Commission took over from the City of Little Rock the operation of the Little Rock Water Works), to April 22, 1939 (the effective date of said Ordinance No. 5712). The theory of the plaintiff (appellant) was and is, that the North Little Rock Water Company was never entitled to the five-cent and four-cent rate fixed in Ordinance No. 5312, and that the rate that should have been charged for all of this time was another and

higher rate, as fixed by Ordinance No. 5030 passed April, 1933. The amount of the alleged undercharge was stated in the complaint as being the difference between the rate in Ordinance No. 5030 and what the North Little Rock Water Company had paid under Ordinance No. 5312; and this difference aggregated $16,123.17.

The cause was tried before the circuit court without a jury; and, from a judgment for the defendant, the plaintiff has duly prosecuted this appeal.

Many interesting questions are presented in the able briefs filed by counsel on each side; but we find it necessary to consider only the following points in reaching our decision.

I. *Ordinance No. 5030 Was Repealed by Ordinance No. 5312 and Ordinance No. 5316.*

On August 13, 1923, the City of Little Rock adopted Ordinance No. 3290 being: "An ordinance fixing the schedule of rates and charges for water service furnished by the Arkansaw Water Company to the City of Little Rock and the inhabitants thereof, and for other purposes."

Section I of said ordinance stated: "That the schedule of rates and charges for water service furnished by the Arkansaw Water Company to the City of Little Rock and inhabitants thereof, be, and the same is hereby, fixed as hereinafter set forth . . ." Section 2 of said ordinance contained the schedule of rates and charges being a graduated downward rate scale from the highest bracket, of thirty cents per hundred cubic feet for the first six thousand seven hundred cubic feet of water used per month, to the lowest bracket of 6.75 cents per one hundred cubic feet for any quantity in excess of 264,700 cubic feet per month. In other words § 1 of the Ordinance No. 3290 stated that the purpose of the ordinance was to fix the rates and charges for water service that might be furnished by the Arkansaw Water Company; and § 2 of the ordinance contained the schedule of rates and charges. Section 1 of Ordinance No. 3290 was never

amended or repealed until the City of Little Rock took over the water distribution system. Section 2 of Ordinance No. 3290 was amended by Ordinance No. 4356 in July, 1928; and that ordinance in turn was amended by Ordinance No. 5030 in April, 1933, which last ordinance contained the rate in effect in April, 1936. But when Ordinance No. 5030 is read along with § 1 of Ordinance No. 3290 it is clear that Ordinance No. 5030 prescribed the rate to be charged by the Arkansaw Water Company, and not by the City of Little Rock to the Arkansaw Water Company. When the City of Little Rock took over the distribution system in Little Rock, then these ordinances. Nos. 3290 and 5030, were rendered entirely inapplicable, because the city operated under the rates set forth in Ordinances Nos. 5316 and 5312.

Thus, it should require no argument to show that Ordinance No. 5316 and Ordinance No. 5312 became the governing ordinances when the City of Little Rock went into the water business; and what the city had authorized and permitted the Arkansaw Water Company to charge was merely a matter of historical interest (but with no further application). The taking over of the distribution system by the city and the establishment of the water rates to be charged by the city (as was done in Ordinances 5316 and 5312) certainly repealed and rendered inapplicable any ordinances concerning rates that the Arkansaw Water Company could have charged customers.

The decision on this point destroys the cornerstone of the structure of the appellant's argument, because the only yardstick for measuring the alleged undercharges was the difference between the rate contained in Ordinance No. 5030 and the rate contained in Ordinance No. 5312 (which was higher than the lowest bracket in Ordinance No. 5316). In holding that Ordinance No. 5030 was rendered inapplicable by Ordinance Nos. 5312 and 5316, as we do, we leave appellant no basis for any claim of an undercharge, because if the rates in Ordinance Nos. 5312 and 5316 did not apply during the period covered by this

litigation then there was no applicable rate and therefore there could be no undercharge.

II. *The Repeal of Ordinance No. 5312 by Ordinance No. 5712 Was a Legislative Recognition by the City Council of Little Rock of the Interim Validity of Ordinance No. 5312.*

We are supported in our conclusions, as above announced, by the subsequent history of Ordinance No. 5312 in the Little Rock City Council.

As previously stated, appellee received and paid for water by the rates provided in Ordinance No. 5312, from April, 1936, to April, 1939, when Ordinance No. 5712 was adopted by the City of Little Rock. In this Ordinance No. 5712 there were fourteen paragraphs of factual recitals preceding the enacting clause. Paragraph eight of said factual recitals reads: "That the Little Rock Municipal Water Works is now supplying water to the North Little Rock Water Company, successor in interest to the Arkansaw Water Company, under a contract at a flat rate of four cents per thousand gallons."

And paragraph nine of the factual recitals is: "That the contract rate of four cents per thousand gallons to the North Little Rock Water Company is inadequate, unjust, and unreasonably low, and does not yield the Little Rock Municipal Water Works sufficient compensation to cover the cost and expenses of supplying said water and a reasonable depreciation and return upon the property used and useful in supplying the service."

And factual recital No. 2 in said ordinance is: "The schedule of rates now in effect and applicable to water furnished all consumers of the Little Rock Municipal Water Works is what is known as a 'step-rate,' with the exception that the rate applicable to water furnished to railroads and other public utilities, for which water said schedule provides a flat rate of four cents per thousand gallons."

Based on these factual recitals, and others, the City Council ordained a schedule of water rates where the

lowest bracket was 6.75 cents per hundred cubic feet for any quantity in excess of 131,400 cubic feet per month, and § 2 of said ordinance repealed all ordinances, rate schedules and agreements at variance with the new rate schedule.

These detailed quotations show that Ordinance No. 5712 was passed by the council in its legislative capacity to repeal this Ordinance No. 5312 entirely and also to repeal so much of Ordinance No. 5316 as established a flat rate of four cents per thousand gallons to railroads and other public utilities. The Ordinance No. 5712 did not declare void Ordinance No. 5312, but merely amended it, just as one legislative enactment may amend a previous legislative enactment. There is no language in Ordinance No. 5712 indicating any intention to make its provisions retroactive; and no such contention is here urged. In fact, all parties here concede that the rates stated in Ordinance No. 5712 were effective only from April 22, 1939, and that the North Little Rock Water Company has paid such rates for water received since that date.

III. *Ordinance No. 5312 Was Not Void Ab Initio. It Provided the Chargeable Rates Until It Was Repealed.*

Appellant claims that the Ordinance No. 5312 was void *ab initio,* and says that this court so held and declared in *North Little Rock Water Company* v. *Water Works Commission of the City of Little Rock,* 199 Ark. 773, 136 S. W. 2d 194. We find no such language in that opinion, nor do we find any language from which such an inference should be drawn. We said: "The law forbids a utility operating as such from discriminating between its customers. It must furnish its service to all alike, upon identical terms. This proposition is not disputed by either of the parties to this litigation, and no citation of authority is required to support it."

And again, in discussing the way the discrimination was handled we said: "The purpose and effect of Ordinance No. 5712 was to terminate a discrimination which, from the allegations of the complaint, appears to exist

in favor of the water company, and to place all users of water on the same basis by making the rates dependent upon quantity of water used.''

These two quotations should suffice to show that Ordinance No. 5312 was a rate ordinance, and that after three years' experience it was found to result in discrimination, and was repealed by Ordinance No. 5712 which later ordinance recognized the existence of the former ordinance and repealed it just as any act of a subsequent legislature may amend or repeal the act of a previous legislature; and the effect of such subsequent amendment or repeal is not to declare the prior act to be void *ab initio*.

But counsel for appellant says that this court in *North Little Rock Water Co.* v. *Water Works Commission (supra)* held that Ordinance No. 5312 was void *ab initio*; and counsel cites the following language in that opinion in the effort to sustain such contention.

''Now, it is alleged that in consideration of the rate made it, the water company reduced its sale price and waived its claim for severance damages. But such contracts for discriminating rates are unenforceable. Our own case of *Bryant Lbr. Co.* v. *Fourche River Lbr. Co.*, 124 Ark. 313, 187 S. W. 455, definitely settles that question. There a timber owner granted a right-of-way for a railroad over its timber lands in consideration of a preferential rate for hauling its timber by the railroad as a common carrier. The contract for this preferential rate was held void as being contrary to public policy, the legal principle applied being that a carrier must render service without discrimination as to rates.

''The contract for this preferential rate is void as being contrary to public policy, for the reason that there may be no discrimination as to the rates charged for its service.''

Preliminary to a consideration of appellant's argument on this quotation, it is well to examine the case cited in the quotation (*Bryant Lumber Co.* v. *Fourche River*

*Lumber Co.,* 124 Ark. 313, 187 S. W. 455) and also to examine the North Little Rock Water Company case (where the quotation is found) to see how these cases arose. An examination will show the distinction between the situations in those two cases and the situation in the case at bar. In each of the adjudicated cases the plaintiff, in instituting the litigation, relied on a contract giving a preferential rate, and in so relying the plaintiff had asked the aid of the judicial process to enforce the preferential right in the contract. In each of the adjudicated cases this court held that the contract for the preferential rate was void and could not be the foundation of a right enforceable in the courts on behalf of that plaintiff. In the case at bar the Water Works Commission of Little Rock is not claiming a preferential right under a contract, but is seeking to use these cases as authorities for its contention that a rate ordinance (No. 5312) is void *ab initio.* The mere statement of the situation furnishes the answer to appellant's argument. Cases holding that a contract afforded no right for judicial relief are vastly different from a case (the one here) involving the legality of a rate ordinance enacted by the City Council in its legislative capacity.

It will be observed that we said in the quotation above: "The contract for this preferential rate was void:" That language was far different from saying that Ordinance No. 5312 was void *ab initio.* The contract for the preferential rate was void in that no enforceable right by the North Little Rock Water Company could be predicated thereon in any judicial tribunal. But the ordinance was a legislative enactment of the City Council separate from the contract; and continued as the legislative enactment, fixing the rate until the city by its subsequent enactment repealed its previous legislative enactment. Ordinance No. 5312 was a rate ordinance and continued in force until repealed; and from the time of its enactment in 1936 until its repeal in 1939 (by Ordinance No. 5712) it was never challenged in any court and never declared discriminatory. And the findings of fact in Ordinance No. 5712 could have no retroactive effect.

Thus Ordinance No. 5312 was valid until held void, and was enforceable by the city until repealed; and until so repealed it furnished, along with Ordinance No. 5316, the only applicable rate fixed by the City Council for the water delivered to the North Little Rock Water Company.

So we reach the conclusion that the city properly collected the water rates fixed by Ordinance No. 5312 from the North Little Rock Water Company during the time that the said ordinance was in force, and, therefore, there was and is no undercharge for water during that period of time.

It, therefore, follows that the judgment of the circuit court was correct, and is in all things affirmed.